UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JESSUP LEE ESTEP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:22-CV-405-TAV-JEM |
| | ) | 3:19-CR-156-TAV-HBG-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This case is before the Court on petitioner's *pro se* Motion Under 28 U.S.C. § 2241 for § 3584 and § 5G1.3 [Case No. 3:22-CV-405-TAV-JEM, Doc. 1]. In his motion, petitioner requests that his sentence be run concurrent to "his relevant conduct arising from the same original incident." Specifically, petitioner seeks for the Court to recommend to the Bureau of Prisons that he receive credit for time spent incarcerated.

Petitioner has indicated that his motion is brought pursuant to 28 U.S.C § 2241. However, a petition for a writ of habeas corpus under § 2241 must be filed in petitioner's district of confinement. *Setser v. United States*, 566 U.S. 231, 244 (2012) (citing 28 C.F.R. § 542.10, *et seq.*). Thus, because this Court is not in petitioner's district of confinement, this Court does not have jurisdiction to review his motion under § 2241. However, the Court does not construe petitioner's motion as seeking relief pursuant to § 2241. Instead, due to the specific relief that petitioner is seeking, the Court construes his motion as a request for credit for time served pursuant to 18 U.S.C. § 3585 and will review the motion on that basis.

The Court declines to make a recommendation as it considers the Bureau of Prisons in a better position to make determinations regarding petitioner's credit for time served. While the Court may make certain recommendations to the Bureau of Prisons, "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (first citing 18 U.S.C. § 3585(b); and then citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)); *see also United States v. Brown*, 417 F. App'x 488, 493 (6th Cir. 2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons . . . .").

If the Bureau of Prisons declines to credit petitioner's time served, petitioner may then raise his claims through the Bureau's Administrative Remedy Program. *Setser*, 566 U.S. at 244 (citing 28 C.F.R. § 542.10, *et seq.*). After exhausting administrative remedies, petitioner may then petition for a writ of habeas corpus under 28 U.S.C. § 2241, a petition which must be filed in petitioner's district of confinement. *Id.*

Accordingly, petitioner's motion [Case No. 3:22-CV-405-TAV-JEM, Doc. 1] will be **DENIED**, and Case No. 3:22-CV-405-TAV-JEM will be **DISMISSED**. An appropriate order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE